**\*\* E-filed April 6, 2010 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>MILAGROS AGUILERA; PAUL AGUILERA; and Does 1–100, inclusive;<br><br>　　　　　Defendants.<br>_____/ | No. C10-01391 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>**[Re: Docket No. 1]** |

　　　　On April 1, 2010, pro se defendants Oscar M. Miguelino, Florentina T. Miguelino, Milagros Aguilera, and Paul Aguilera removed this case from Santa Clara County Superior Court. For the reasons stated below, the undersigned recommends that this action be summarily remanded to state court.

　　　　Plaintiff Deutsche Bank National Trust Company filed this unlawful detainer action on October 16, 2009[1] in Santa Clara County Superior Court. According to the complaint, plaintiff acquired the subject property through a foreclosure trustee's sale in June 2009. Plaintiff served defendants with a ninety-day notice to vacate in July 2009, but defendants refused to deliver possession of the property. (Compl. 1–3.)

---

[1] It would appear that the removal is outside the thirty-day period for which removal is proper. 28 U.S.C. § 1446(b). However, as a procedural requirement, a federal court cannot remand sua sponte on this basis. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 942 (9th Cir. 2006).

Removal to federal court is proper where the federal court would have original subject-matter jurisdiction over the complaint. 28 U.S.C. § 1441. If after a court's prompt review of a notice of removal "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). These removal statutes are strictly construed against removal and place the burden on the petitioner to demonstrate that removal was proper. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

Here, defendants assert that removal is proper based on federal question. Federal courts have original jurisdiction over civil actions "rising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause of action. *Vaden v. Discovery Bank*, --- U.S. ----, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. *Id.* at 1273.

Defendants fail to support their assertion that the action arises under federal law. The removal notice suggests that because the foreclosure sale of the subject property was pursuant to federal law, that plaintiff's complaint may be maintained in federal court. (Notice of Removal 1–3.) Defendants also allege an unconstitutional application of various California laws. (*Id.* at 3.) However, defendants' allegations in their removal notice or in a response to plaintiff's complaint cannot provide this court with federal question jurisdiction. The plaintiff's complaint clearly states only a cause of action for unlawful detainer; it does not allege any federal claims whatsoever. (Compl. 1–3.) Accordingly, defendants have failed to show that removal is proper on account of any federal substantive law. Nor does the complaint on its face establish that this court might have subject-matter jurisdiction based on diversity.[2] *See* 28 U.S.C. § 1332(a).

---

[2] Defendants do not establish diversity of citizenship in their removal notice, and a review of the complaint shows that it specifies that the "amount demanded does not exceed $10,000.00." (Compl. 1.) Plaintiff only seeks judgment for possession of the property and the costs of suit. (*Id.* at 3.) In addition, as local defendants, it would appear that defendants would not have the right to remove this action to federal court under diversity jurisdiction. 28 U.S.C. § 1441(b) (stating that an action is removable for diversity "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").

2

Because defendants have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a district court judge. The undersigned further RECOMMENDS that the newly assigned judge summarily remand the case to Santa Clara County Superior Court. Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

Dated: April 6, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C 10-01391 N**otice will be sent by alternative means to:

Doug V. Pham
Robert J. Jackson & Associates, Inc.
4199 Campus Dr., Suite 700
Irvine, CA 92612

John Corr Saginaw
Robert J. Jackson & Associates, Inc.
4199 Campus Dr., Suite 700
Irvine, CA 92612

Oscar M. Miguelino
2844 Rainview Dr.
San Jose, CA 95133

Florentina Miguelino
2844 Rainview Dr.
San Jose, CA 95133

Milagros Aguilera
2844 Rainview Dr.
San Jose, CA 95133

Paul Aguilera
2844 Rainview Dr.
San Jose, CA 95133

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**